FILED

04/05/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0214

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0214

_____

MONTANANS SECURING REPRODUCTIVE
RIGHTS, and SAMUEL DICKMAN, M.D.,

     Petitioner,

    v.                                                    O R D E R

CHRISTI JACOBSEN, In her Official Capacity
as Montana Secretary of State,

     Respondent.

_____

On April 4, 2024, Montanans Securing Reproductive Rights and Samuel Dickman, M.D. ("MSRR"), petitioned this Court for a writ of mandamus to direct Montana Secretary of State Christi Jacobsen to perform her legally mandated duty to immediately send MSRR a finalized petition form for Constitutional Initiative 14 ("CI-14") as required by § 13-27-233(1), MCA. This Court concluded that an alternative writ was appropriate under § 27-26-203, MCA, and ordered Jacobsen to perform her duty no later than 1:00 p.m. on Friday, April 5, 2024, and file notice of such with this Court. We further ordered that if she failed to do so, she shall prepare, file, and serve a response to the petition for writ of mandamus no later than noon on Monday, April 8, 2024, and show cause why she should not be held in contempt of Court.

Jacobsen has objected to this Court's April 4, 2024 Order on two grounds. First, she alleges that MSRR failed to properly serve her pursuant to § 27-26-205, MCA, and the Attorney General pursuant to M. R. Civ. P. 4(1). Second, she alleges that this Court cannot issue a writ without providing her the opportunity to be heard.

Shortly after Jacobsen filed her Objection, MSRR filed Declaration of Service notices with this Court affirming that it had served Jacobsen and the Attorney General. Thus, if any

defects in service existed, they have been cured and Jacobsen's objection has been resolved as to these grounds.

As to Jacobsen's objection that she has not been provided the opportunity to be heard, Jacobsen misapprehends our April 4, 2024 Order. In her Objection, she states, in relevant part:

> Moreover, before a Writ can issue, the Secretary must be given an opportunity to be heard. Mont. Code Ann. § 27-26-202 ("The notice of the application, when given, must be at least 10 days or a shorter time, in the discretion of the court or judge."); Mont. Code Ann. § 27-26-204 ("When an application to the court or judge is made without notice to the adverse and the writ be allowed, the alternative must be first issued;" peremptory writ may not be issued in the first instance without due notice); Mont. Code Ann. § 27-26-302 ("On the return of the alternative or the day on which the application for the writ is noticed, the party on whom the writ or notice has been served may show cause by answer, under oath, made in the same manner as an answer to complaint in a civil action.") . . . .

Although Jacobsen quotes the statute, she appears to conflate the alternative writ—when an application was made to the Court without notice—with a peremptory writ—which "may not be issued in the first instance without due notice." Section 27-26-204, MCA. Section 27-26-203, MCA, provides that a writ may be either alternative or peremptory. "The alternative writ must state generally the allegation against the party to whom it is directed and command the party, immediately after the receipt of the writ or at some other specified time, to do the act required to be performed or to show cause before the court, at a specified time and place, why the party has not done so."

In our April 4, 2024 Order, we specified, "In this instance, we conclude that an alternative writ is appropriate." In accord with § 27-26-203, MCA, we stated the allegation against Jacobsen and commanded her to do the act required to be performed or to show cause before this Court at a specified time and place.

We do not find Jacobsen's Objection well-taken. Our April 4, 2024 Order remains in effect. While Jacobsen's Objection did not specify any relief, we conclude she is entitled to none.

2

IT IS THEREFORE ORDERED that this Court's April 4, 2024 Order REMAINS IN EFFECT, is valid, and Respondent Secretary of State Jacobsen shall timely comply or show cause why not, as previously ordered.

The Clerk is directed to immediately provide a copy of this Order to all counsel of record.

DATED this 5th day of April, 2024.

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA

Electronically signed by:
Mike McGrath
Chief Justice, Montana Supreme Court
April 5 2024